FILED
United States Court of Appeals
Tenth Circuit

**March 4, 2014**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

FRANKLIN S. SIMMS,

      Plaintiff - Appellant,

v.

STATE FARM EMPLOYEES AND
AGENCY; ELMS APARTMENTS
EMPLOYEES DURING SPRING
2012,

      Defendants - Appellees.

No. 14-3004
(D.C. No. 6:13-CV-01391-JTM-KMH)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.[**]

---

      Plaintiff - Appellant Franklin S. Simms appeals from the district court's

dismissal of his pro se civil rights complaint which sought compensatory and

punitive damages and injunctive relief in connection with theft of his property by

Defendant Elms Apartments and denial of a claim by Defendant State Farm

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Insurance. After granting in forma pauperis status, the district court dismissed the case as frivolous. R. 16.

Regarding his appeal, Mr. Simms claims that the district court had subject matter jurisdiction because State Farm transferred his claim to Missouri and because he was deprived of his property and a jury trial in violation of the Constitution. The fact that his claim was transferred to Missouri is insufficient to create a federal question, nor is the deprivation of property by private actors. See Shelley v. Kraemer, 334 U.S. 1, 13 (1948). Any right to a jury trial would be in aid of a federal claim, the stated basis of the suit. Accordingly, the proper resolution of this case is to dismiss Mr. Simms's complaint without prejudice for lack of subject matter jurisdiction.

We REVERSE the district court's judgment and REMAND with instructions to dismiss Mr. Simms's complaint without prejudice for lack of subject matter jurisdiction.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge